IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

VIRGAL MALOTT,

    Movant,

vs.                                                                                  No. CV 20-00265 JCH/KBM
                                                                                 No. CR 15-02022 JCH

UNITED STATES OF AMERICA,

    Respondent.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court under Rule 4 of the Rules Governing Section 2255 Proceedings on Movant's Pro Se Motion to Vacate, Set Aside, and Correct his Conviction and Sentence Under Title 28 U.S.C. § 2255 filed by Movant, Virgal Malott (CV Doc. 1; CR Doc. 138) ("Motion"). Movant Malott seeks to have his 18 U.S.C. § 924(c) conviction and sentence set aside based on the United States Supreme Court's ruling in *United States v. Davis,* 139 S.Ct. 2319 (2019). The Court determines that Movant Malott is not eligible for § 2255 relief under *Davis* and will dismiss the Motion. The Court will also deny Movant Malott a Certificate of Appealability.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

In 2015, Movant Virgal Malott was indicted on thirteen counts arising out of a string of armed robberies in the Albuquerque, New Mexico area. (CR Doc. 7). On August 17, 2017, Malott entered into a Plea Agreement and pled guilty to one court of Interference With Interstate Commerce by Robbery and Violence in violation of 18 U.S.C. § 1951(a), one count of Carjacking in violation of 18 U.S.C. § 2119, and one count of Using, Carrying, and Brandishing a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c). (CR Doc. 70).

1

On February 18, 2018, the Court sentenced Malott to 116 months of months of imprisonment on the robbery and carjacking convictions and 84 months on the firearm conviction, to be served consecutively for a total of 200 months. (CR Doc. 106).

Movant Malott filed his § 2255 Motion on March 23, 2020. (CV Doc. 1; CR Doc. 138). In his Motion, Malott asks the Court to set aside his § 924(c) conviction under the Supreme Court's decision in *United States v. Davis*, ___ U.S. ___, 139 S.Ct. 2319 (2019). (CV Doc. 1 at 1; CR Doc. 138 at 1). He contends that his § 924(c) conviction should be set aside because his underlying crime of Hobbs Act Robbery is not categorically a crime of violence under the elements clause of § 924(c)(3). (CV Doc. 1 at 2; CR Doc. 138 at 2).

## II. APPLICABLE LAW ON *JOHNSON V. UNITED STATES*, *UNITED STATES v. DAVIS*, AND SECTION 2255 COLLATERAL REVIEW

Virgal seeks collateral review of his conviction and sentence under 28 U.S.C. § 2255. Section 2255 provides:

> "A prisoner in custody under a sentence of a court established by
> Act of Congress claiming the right to be released upon the ground
> That the sentence was imposed in violation of the Constitution or
> Laws of the United States, or that the court was without jurisdiction
> To impose such sentence, or that the sentence was in excess of the
> Maximum authorized by law, or is otherwise subject to collateral
> Attack, may move the court which imposed the sentence to vacate,
> Set aside or correct the sentence."

28 U.S.C. § 2255(a). Claims for collateral review of convictions and sentences are governed by a 1-year statute of limitations. Section 2255(f) sets out the 1-year statute of limitations:

> "A 1-year period of limitation shall apply to a motion under this
> section. The limitation period shall run from the latest of—
>
> > (1) the date on which the judgment of conviction becomes
> > final;
> > (2) the date on which the impediment to making a motion

2

> created by governmental action in violation of the
> Constitution or laws of the United States is removed,
> if the movant was prevented from making a motion by such
> governmental action;
> (3) the date on which the right asserted was initially recognized
> by the Supreme Court, if that right has been newly recognized
> by the Supreme Court and made retroactively applicable to cases
> on collateral review; or
> (4) the date on which the facts supporting the claim or claims
> presented could have been discovered through the exercise of
> due diligence.

An untimely direct appeal or a motion to reduce sentence will not alter or toll the running of the one-year limitation period of § 2255(f). *See United States v. Terrones-Lopez*, 447 Fed.App'x 882, 884-85 (10th Cir. 2011).

Because Malott seeks collateral review more than a year after his sentence became final, he relies on the right newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. *See Johnson v. United States,* 576 U.S. 591, 135 S. Ct. 2551 (2015) and *Welch v. United States,* 578 U.S. ___, 136 S.Ct. 1257 (2016); 28 U.S.C. § 2255(f)(3). In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA") is impermissibly vague and imposing an increased sentence under the residual clause of 18 U.S.C. § 924(e)(2)(B) violates the Constitution's guarantee of due process. 135 S.Ct. at 2562-2563. The predicate crime for an enhanced sentence under § 924(e) is transportation or possession of a firearm by a person who has been convicted of a crime punishable by imprisonment for a term exceeding one year. 18 U.S.C. § 922(g). Under the ACCA, a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a "violent felony." 18 U.S.C. § 924 (e)(2)(B). The Act defines "violent felony" to mean:

> "any crime punishable by imprisonment for a term exceeding one
> year . . . that—

3

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves the use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*."

18 U.S.C. § 924(e)(2)(B) (emphasis added).

The *Johnson* Court struck down the italicized residual clause language of § 924(e)(2)(B)(ii) as unconstitutionally vague. 135 S.Ct. at 2555-2563. The language of § 924(e)(2)(B)(i), which defines "violent felony" to mean a crime that "has as an element the use, attempted use, or threatened use of physical force," is commonly referred to as the "element" or "force" clause. The "enumerated" clause is the language of § 924(e)(2)(B)(ii) that lists the crimes of burglary, arson, extortion, or the use of explosives as violent felonies. The Supreme Court expressly stated that its holding with respect to the residual clause does not call into question application of the Act to the four enumerated offenses or the remainder of the definition of a violent felony in § 924(e)(2)(B). 135 S.Ct. at 2563. Therefore, the *Johnson* decision has no application to sentences enhanced under the force or element clause of § 924(e)(2)(B)(i) or the enumerated clause of § 924(e)(2)(B)(ii).

Virgal relies on the United States Supreme Court's decision in *United States v. Davis*, ___ U.S. ___, 139 S.Ct. 2319 (2019). On June 24, 2019, the U.S. Supreme Court struck down the residual clause of 18 U.S.C. 924(c)(3)(B) as constitutionally vague and invalid in *United States v. Davis*. Section 924(c) defines "crime of violence" to mean:

> "an offense that is a felony and—
>     (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>     (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

18 U.S.C. § 924(c)(3).  In *Davis*, the Supreme Court ruled that the residual clause language of 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. 139 S. Ct. at 2336. The Court determined that this conclusion was compelled by its prior decisions in *Johnson v. United States* and *Sessions v. Dimaya,* 584 U.S. ___, 138 S. Ct. 1204 (2018).  On September 3, 2019 the Tenth Circuit handed down a precedential opinion holding that *Davis* is retroactively applicable on collateral review. *United States v. Bowen,* 936 F.3d 1091 (10th Cir. 2019).  The Tenth Circuit also held that the U.S. Supreme Court has made *Davis* retroactively applicable for purposes of second or successive § 2255 motions.  *In re Mullins*, 942 F.3d 975 (10th Cir. 2019).

### III.  MALOTT IS NOT ELIGIBLE FOR RELIEF UNDER *DAVIS* BECAUSE HOBBS ACT ROBBERY IS A CRIME OF VIOLENCE UNDER THE "FORCE" CLAUSE OF § 924(C)

Malott contends that Hobbs Act Robbery is not a predicate crime of violence under *Davis* and § 924(c).  (CV Doc. 1 at 1-2; CR Doc. 138 at 1-2).  The Court rejects Malott's contention.  In prior precedential cases, Hobbs Act Robbery has been held to be a crime of violence under the force clause and, therefore, a proper predicate crime for purposes of 28 U.S.C. § 924(c)(3)(A). *United States v. Melgar-Cabrera,* 892 F.3d 1053 (10th Cir. 2018).

Under 18 U.S.C. § 924(c)(1)(A), a defendant who "uses or carries" a firearm "during and in relation to any crime of violence" faces a five-year mandatory minimum sentence, to run consecutively to any sentence for the underlying offense. *See United States v. Johnson,* 32 F.3d 82, 85 (4th Cir.1994). If, during the commission of the crime of violence, "the firearm is discharged," the mandatory minimum sentence increases to ten years. *See* § 924(c)(1)(A)(iii). Section 924(c)(3) defines "crime of violence" to mean:

> "[A]n offense that is a felony and—
> (A) has as an element the use, or threatened use of physical force against the person or property of another, or

5

> (B) that by its nature, involves a substantial risk that physical
> force against the person or property of another may be used
> in the course of committing the offense."

18 U.S.C. § 924(c)(3). Malott contends that his Hobbs Act robbery conviction does not qualify as a crime of violence under the "element" clause of § 924(c)(3)(A) and, therefore, presumably must come within the invalid residual clause language of § 924(c)(3)(B). Contrary to Malott's argument, the robbery crime charged against Malott clearly has as an element the use, or threatened use of physical force against the person or property of another and supports enhancement of his sentence under § 924(c) without resort to the residual clause language.

To determine whether a prior conviction constitutes a crime of violence under the force or element clause, the Court employs a categorical approach. *United States v. Perez–Jiminez,* 654 F.3d 1136, 1140 (10th Cir.2011). The Court looks only to the fact of conviction and the statutory definition of the prior offense and does not generally consider the particular facts disclosed by the record of conviction. *United States v. Wray*, 776 F.3d 1182, 1185 (10th Cir. 2015). Where a statute defines multiple crimes by listing alternative elements, the Court utilizes a modified categorical approach, which permits the Court to look at the charging documents to determine the elements under which the defendant was charged and convicted. *See Mathis v. United States*, ___ U.S. ___, 136 S.Ct. 2243, 2248-49 (2016).

The Hobbs Act provides:

> "Whoever in any way or degree obstructs, delays, or affects commerce
> or the movement of any article or commodity in commerce, by robbery,
> or extortion or attempts to or conspires to do , or commits or threatens
> physical violence to any person or property in furtherance of a plan or
> purpose to do anything in violation of this section shall be fined under or
> imprisoned not more than twenty years, or both."

18 U.S.C. § 1951(a). The Hobbs Act defines "robbery" to mean:

> "The unlawful taking or obtaining of personal property from the person

6

> or in the presence of another, against his will, by means of actual of threatened force, or violence or fear of injury, immediate or future, to his person or property."

18 U.S.C. § 1951(b)(1). In *United States v. Melgar-Cabrera,* 892 F.3d 1053 (10th Cir. 2018), the Tenth Circuit held that Hobbs Act Robbery has, as an element, the use or threatened use of force and is a crime of violence under 18 U.S.C. § 924(c)(3)(A). Therefore, Hobbs Act Robbery is a predicate crime of violence under the force clause rather than the residual clause of § 924(c)(3).

The Circuit courts are in agreement that Hobbs Act robbery is a crime of violence under the force clause of § 924(c). *See Hill,* 832 F.3d 135, 144 (2nd Cir. 2016) ("[W]e agree ... that Hobbs Act robbery 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another.' "); *see also United States v. Howard*, 650 Fed. App'x 466, 468 (9th Cir. 2016) (explaining "that Hobbs Act robbery indisputably qualifies as a crime of violence under" § 924(c)(3)(A)) (internal quotes and brackets omitted); *see also In re Fleur*, 824 F.3d 1337, 1341 (11th Cir. 2016) (holding that Hobbs Act robbery "meets the use-of-force clause of the definition of a crime of violence under § 924(c)(3)(A)"); *Cf. United States v. House*, 825 F.3d 381, 387 (8th Cir. 2016) (concluding that defendant's Hobbs Act robbery conviction qualifies as a serious violent felony under 18 U.S.C. § 3559(c) because it "has as an element the use, attempted use, or threatened use of physical force against the person of another").

The courts have uniformly ruled that federal statutory crimes involving takings by force, violence, or intimidation, have as an element the use, attempted use, or threatened use of physical force. In *United States v. Boman,* 810 F.3d 534 (8th Cir.2016) the Eighth Circuit held that robbery in the special maritime and territorial jurisdiction of the United States under 18 U.S.C. § 2111 satisfied the similarly worded force clause in the Armed Career Criminal Act ("ACCA")*,* because

it required a taking "by force and violence, or by intimidation." *Boman,* 810 F.3d at 542–43. The Second and Eleventh Circuits reached the same conclusion with respect to the carjacking statute, 18 U.S.C. § 2119. *See United States v. Moore,* 43 F.3d 568, 572–73 (11th Cir.1994); *United States v. Mohammed,* 27 F.3d 815, 819 (2d Cir.1994). The Fourth Circuit expressly stated in *Adkins,* that "armed bank robbery is unquestionably a crime of violence, because it 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another.' " *See* 937 F.2d at 950 n. 2 (quoting 18 U.S.C. § 924(c)(3)(A)). The courts have also consistently determined that a § 2113(a) bank robbery is a crime of violence under the force clause of Guidelines section 4B1.2, which contains force clause language nearly identical to the § 924(c)(3) force clause. *See Johnson v. United States,* 779 F.3d 125, 128–29 (2d Cir.2015); *United States v. Davis,* 915 F.2d 132, 133 (4th Cir.1990); *United States v. Maddalena,* 893 F.2d 815, 819 (6th Cir.1989); *United States v. Jones,* 932 F.2d 624, 625 (7th Cir.1991); *United States v. Wright,* 957 F.2d 520, 521 (8th Cir.1992); *United States v. Selfa,* 918 F.2d 749, 751 (9th Cir.1990). Under the law, a robbery "by force and violence" entails the use of physical force.

Movant Malott relies on the Tenth Circuit's decision in *United States v. Bowen*, 936 F.3d 1091 (10th Cir. 2019) to support his argument that Hobbs Act Robbery is not a proper predicate crime of violence for purposes of § 924(c). (CV Doc. 1 at 3; CR Doc. 138 at 3).  However, *Bowen* did not involve any conviction for Hobbs Act Robbery. Instead, in *Bowen* the Tenth Circuit concluded that witness retaliation through bodily injury qualifies as a crime of violence under § 924(c)(3)'s elements clause, but witness retaliation through property damage does not. *United States v. Bowen*, 936 F.3d at 1102–03. *Melgar-Cabrera*, not *Bowen*, is controlling precedent on the issue of Hobbs Act Robbery as a crime of violence for purposes of § 924(c).

Contrary to Malott's contention, Hobbs Act Robbery is properly a crime of violence under the force clause of § 924(c). *United States v. Melgar-Cabrera,* 892 F.3d at 1064-1066. *Melgar-Cabrera* is binding on this Court and Malott is not eligible for § 2255 relief under *Davis.* The Court will dismiss Malott's § 2255 Motion pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings.

## THE COURT WILL DENY A CERTIFICATE OF APPEALABILITY

By statute, an appeal may not be taken from a final order in a proceeding under § 2255 unless the Court issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). Section 2253(c)(2) provides that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under 28 U.S.C. § 2253(c)(1) and (3), the Court determines that Malott has not made a substantial showing of denial of a constitutional right. The Court will, therefore, deny a certificate of appealability. *See* Rule 11(a) of the Rules Governing Section 2255 Proceedings.

**IT IS ORDERED:**

(1) Movant's Pro Se Motion to Vacate, Set Aside, and Correct his Conviction and Sentence Under Title 28 U.S.C. § 2255 filed by Movant, Virgal Malott (CV Doc. 1; CR Doc. 138) is **DISMISSED** under Rule 4 of the Rules Governing Section 2255 Proceedings; and

(2) a Certificate of Appealability is denied.

_____
SENIOR UNITED STATES DISTRICT JUDGE